IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

Rhonshawn Jackson, : Civil Action No. 1:16-cv-0133
  Plaintiff

V. : Judge: Susan Paradise Baxter

Carter, et al;
  Defendants : Jury Trial Demand

FILED
JUN 11 2020
CLERK U.S. DISTRICT COURT
WEST. DIST. OF PENNSYLVANIA

MOTION FOR APPOINTMENT OF COUNSEL & MOTION FOR WITHDRAWAL OF COUNSEL DEFENDANT WHO HAS BEEN FOUND LIABLE FOR VIOLATING PLAINTIFF'S CLEARLY ESTABLISHED CONSTITUTIONAL RIGHTS OR IMMEDIATE SETTLEMENT WITH PLAINTIFF TO CURE HIS INJURIES BY DEFENDANT:

### STATEMENT OF THE FACTS IN THIS CASE:

Plaintiff, a Pro Se prisoner, filed a civil rights lawsuit under 42 U.S.C. 1983 in the Middle District of Pennsylvania. At the time plaintiff filed the lawsuit he was incarcerated at SCI-Albion. Prior to that, plaintiff was incarcerated at SCI-Forest. PLaintiff sued (4) senoir DOC officials & (13) correctional officers at both SCI-Forest & SCI-Albion. Plaintiff's lawsuit got transferred to the Western District of Pennsylvania & the defendants filed a motion to dismiss in which the district court granted a part of that motion & left plaintiff with claims (1) conspiracy & First Amendment Retaliation due to plaintiff's grievance reporting, (2) Eighth Amendment violations,& (3) interference with legal mail.

The defendants then filed for summary judgment stating that plaintiff failed to exhaust his administrative remedies & that he failed to state a claim on the merits. Plaintiff appealed to the Third Circuit Appeals Court which vacated the District Courts dismissal of his case & remanded it back down on plaintiff's First Amendment Retaliation claim against defendant O'Brien & the merits of the claims the grievance against defendant O'Brien addressed. Plaintiff is now filing the following motion on behalf of the Third Circuit's reversal & decision.

### MERITS OF PLAINTIFF'S FIRST AMENDMENT RETALIATION CLAIM:

In plaintiff's uncontradicted verified complaint, plaintiff clearly avers that defendant O'Brien's sole purpose of throwing away all of plaintiff's legal & personal property, was in retaliation for plaintiff availing himself of his First amendment right to file grievances & lawsuits against correctional officers in the PA DOC.(See Plaintiff's Amendment complaint at paragraph 102). Plaintiff has also shown that his constitutional rights were clearly established because defendant O'Brien knows that all inmates have a right to file grievances & lawsuits.

(1)

Plaintiff has also shown that his clearly established constitutional rights were the sole reason why defendant O'Brien retaliated against him by throwing away a manilla envelope that had "LEGAL MAIL" written on it in bold letters & by throwing away all of plaintiff's personal photos, mail, cosmetics,& commissary items,& plaintiff has proven this through the sworn declarations of inmates Robinson, Hall, & Ortiz, who argued with defendant O'Brien & tried to stop him from throwing plaintiff's legal/personal property away but were told that plaintiff's legal/personal property was being thrown away due to plaintiff filing grievances & lawsuits & that , he, defendant O'Brien, was "stopping plaintiff from filing grievances & lawsuits there at SCI-Albion".

Plaintiff has also shown that defendant O'Brien clearly knew what he was doing by throwing away plaintiff's legal/personal property, when he flat out told plaintiff that he denied plaintiff his law library & threw away plaintiff's legal/personal property due to plaintiff filing grievances & lawsuits & that, he, defendant O'Brien, had to stop plaintiff, as witnessed by inmate Ramirez, who spoke out against what defendant O'Brien said & told defendant O'Brien that he was wrong for what he did to plaintiff, only to be threatened to be retaliated against by defendant O'Brien, if he, inmate Ramirez, followed in plaintiff's footsteps & filed grievances & lawsuits instead of minding his own business. Inmate Ramirez also made a sworn affidavit after he was threatened by defendant O'Brien for speaking out against defendant O'Brien's retaliatory acts.

Due to defendant O'Brien's retaliatory acts, plaintiff lost his (27) page anticipated lawsuit with (9) inmate affidavits attached to it & was unable to pursue his legal claims against defendants Carter, Hacherl, Dickey, Haggerty, Constanzo, McNaughton, Gilara, Oberlander,& Varner,& it also lead to plaintiff's claims against these defendants in this action being dismissed due to plaintiff not having those inmate affidavits that were destroyed by defendant O'Brien in order to strengthen his claims against the other defendants in this action. Defendant O'Brien's retaliatory acts also lead to plaintiff losing a affidavit by Keyon Sloane, in regards to his criminal conviction, that plaintiff can never get back due to defendant O'Brien throwing away the affidavit & the envelope with Mr. Sloane's address on it away, along with personal photos of plaintiff's family members that have died that plaintiff can never recreate or get again, along with plaintiff's personal mail, cosmetics,& commissary,& defendant O'Brien did all of this just to retaliate against plaintiff for filing grievances & lawsuits against correctional officers that work for the PA DOC.

## LEGAL STANDARD:

A prisoner alleging retaliation must show (1) constitutionally protected conduct, (2) a adverse action by prison officials sufficient to deter a person of ordinary firmness from exercising his constitutional rights,& (3) a causal link between the exercise of his constitutional rights & the adverse action taken against him". Mitchell v. Horn, 318 F.3d 523, 530(3rd Cir. 2003). The First Amendment protects filing grievances & lawsuits. Rauser v. Horn, 241 F.3d 330, 333 (3rd Cir. 2001). Plaintiff has also shown actual injury. "Actual injury can be demonstrated

by showing that the defendants actions resulted in the "loss or rejection of a legal claim". Oliver v. Fauver, 118 F.3d 175, 177(3rd Cir. 1997). The underlying lost or rejected claim must be specifically identified & meritous. Christopher v. Hansbury, 536 U.S. 403, 414, 122 S.Ct. 2179, 153 L.Ed 2d 413(2002).

In my verified amended complaint, at paragraph 60, I specifically stated that I sent a (21) page complaint with (9) prisoner affidavits attached to it to SCI-Forest's library, along with a (5) page affidavit from Keyon Sloane which described the person who actually committed this murder that I'm in jail for in detail. In my amended complaint at 60, I specified that my compaint was against defendants Carter, Hacherl, Dickey, haggerty, Constanzo, McNaughton, Gilara, Oberlander,& Varner for civil conspiracy, retaliation, obstruction of access to courts, Failure to protect, defamation of character, coerced assaults, unlawful confinement, falsifying documents, violations of Pa. Code of Ethics B.22, Violations of 1st,8th,& 14th amendments,& deliberate indifference. So plaintiff has definitely specifically identified the underlying lost & rejected claim & its meritous.

This District is very familiar with these types of cases where correctional officers that are employed by the PA DOC retaliate against inmates that file grievances & lawsuits because it was this district that dealt with the Jacobs v. Beard, 172 Fed. Appx. 452 (3rd Cir. 2006) case in which the Appeals Court reversed a dismissal by this Court & Jacobs was received a jury award of $185,000. (See Exhibit 1 attached). I also stated in my amended complaint at 132, that as a result of defendant O'Brien's retaliatory actions, plaintiff has suffered & continues to suffer, physical pain, severe mental anguish, psychological torture & pain, exacerbation of his mental illness, loss of relief from the courts due to the destruction of his "newly discovered evidence by defendant, loss of claims & relief from the courts for his 1983 action that was destroyed by defendant O'Brien,& other injuries.

The Jacobs case took place in 2003 & he won his jury award in 2008, but here it is in 2020, & plaintiff is now being subjected to the same type of retaliation just for utilizing the defendants own grievance policy. This is a pattern of retaliatory abuse that the Pa DOC has not yet corrected and/or is still condoning throughout its prison system.

Due to the meritous claims in plaintiff's case, plaintiff humbly requests that this Honorable Court appoint him an attorney to represent him because plaintiff is already past summary judgment phase & if the defendant does not settle with plaintiff than this case will be slated for a trial by an reasonable jury.

## WITHDRAWAL OF COUNSEL OF DEFENDANT WHO HAS BEEN FOUND LIABLE FOR VIOLATING PLAINTIFF'S RIGHTS:

Defendant O'Brien was well aware that his actions were not in accordance with clearly established policy & law,& defendant O'Brien also knew that his actions were in direct violation of the PA DOC's Code of Ethics B.1 which states that "Profanity directed towards inmates, or vengeful, brutal, or discriminatory treatment of inmates will not be tolerated",& B.7 which states

that "The personal property of inmates will be handled with extreme care & disposed of only by properly designated authority in a manner designated by official Department of Correction's policy". So it is clear that defendant O'Brien, being a Sgt in the RHU, which is a Supervisory official, was well aware of these Code of Ethics & the clearly established department policy that protects all inmates from these types of retaliatory acts by DOC employees.

Prior to becoming a SGt, defendant O'Brien had to go through a training that is in direct accordance to the 5.1.1 Staff Training & Development manual,& this manual teaches its trainees that they must memorize their Code of Ethics & fully understand it before they can get off of probationary status. Defendant O'Brien had a specific goal & purpose for throwing away all of plaintiff's legal/personal property & it was to retaliate against plaintiff for filing grievances & lawsuits,& to deter/intimidate other inmates from following in my footsteps of filing lawsuits & grievances. Defendant O'Brien openly violated policy & plaintiff's clearly established rights because he knew that nothing would happen to him & if he did indeed get sued for his retaliatory acts, then the PA DOC would just provide representation for him free of charge, without ever holding him & other correctional officers who have engaged in the same type of violations in the past & future accountable.

The Pennsylvania Rules of Professional Conduct 1.16(b) governs when counsel may withdraw from representing a client. In relevant part, it allows counsel to withdraw if "withdrawal can be accomplished without material adverse effect on the interests of the client,...the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client, or other good cause for withdrawal exists". Pa. RPC 1.16(b). Mekhsavanh v. Senouthai, LEXIS 2513, July 7, 2016(3rd Cir.).

Defendant O'Brien has violated plaintiff's clearly established rights & has been found liable by the Appeal Courts to be liable for First Amendment Retaliation of my constitutional rights. So, the PA DOC would only be condoning this type of behavior by assisting or providing defendant O'Brien with representation after he has committed retaliatory action that are in complete contradiction & violation of the PA DOC's policies, Code of Ethics,& clearly established constitutional law.

Rules of Professional Conduct 1.16 governs when an attorney may withdraw from representation of a client. Under some circumstances, an attorney must seek withdrawal. Under subsection (a) a attorney must withdraw if, in pertinent part: (1) The representation will result in violation of the Rules of Professional Conduct or other Law". 2012 U.S. Dist. LEXIS 48431:: Cuandra v. Univision Commus.,Inc. April 4, 2012(3rd Cir.). "The decision to grant a motion to withdraw rests within the courts discretion". Ohntrup v. Firearms Center,Inc., 802 F.2d 676, 679(3rd Cir. 1986).

So plaintiff respectfully requests that the PA DOC withdraw representation of defendant O'Brien because he has been sued & held liable in his individual capacity & not his official capacity, so the PA DOC has nothing to do with this & defendant O'Brien's attorney should be paid for by him or defendant O'Brien should be ordered to settle with plaintiff while the PA DOC is still providing him with representation free of charge for his retaliatory acts against plaintiff.

(4)

IF DEFENDANT O'BRIEN DOES NOT SETTLE WITH PLAINTIFF & DEFENDANT O'BRIEN IS FOUND GUILTY AT TRIAL, THEN DEFENDANT O'BRIEN SHOULD LOSE HIS PAY & ALL BENEFITS FOR WILLFUL MISCONDUCT:

If defendant O'Brien refuses to settle with plaintiff & this case has to be scheduled for trial & defendant O'Brien is also found guilty at trial, then without question, defendant O'Brien should be terminated from his employment without pay & he should lose all of his benefits so that their will be a clear message to any other PA DOC employees who are or were thinking about indulging in the same type of retaliatory acts that defendant O'Brien indulged in, because the open retaliation of inmates that file grievances & lawsuits in the PA DOC must stop and the courts & the jury are the only people that can ensure that this type of behavior gets eradicated from the PA DOC by enforcing & imposing strict punishment to all employees who willfully retaliate against inmates that utilize the grievance system and/or that file lawsuits in good faith,

"Correctional officers who are involved in willful misconduct are not entitled to Unemployment Compensation and should be discharged from employment without pay or benefits". Dept. of Corrections, SCI-Camp Hill v. Unemployment Compensation Board of Review, 919 A.2d 316(Pa. Super) (2007).

## CONCLUSION:

Wherefore plaintiff humbly requests that his motion is granted & this Honorable Court provides him with a lawyer for his claims against defendant O'Brien,& withdraws the PA DOC's representation of defendant O'Brien.

Dated: June 7, 2020.

Respectfully Submitted,
/s/ [signature]
Rhonshawn Jackson
Pro Se

(5)

## CERTIFICATE OF SERVICE

I, Rhonshawn Jackson, Pro Se, hereby certify that on June 7, 2020, that I caused to be served the following document titled "Motion of appointment of counsel & Motion for withdrawal" to the name & address below by First Class U.S. Mail & postage:

                    Office of Attorney General
c/o: Timothy Mazzocca
1251 Waterfront Place
Mezzanine Level
Pittsburgh, Pa 15222

Dated: June 7, 2020.

                                                          Respectfully Submitted,
                                                          /s/ _____
                                                          Rhonshawn Jackson
                                                          Pro Se