# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **RHONSHAWN JACKSON,** ) | |
|     **Plaintiff,** ) | **C.A.No. 16-133ERIE** |
| ) | |
| vs. ) | |
| ) | **District Judge Baxter** |
| **PA DEPARTMENT OF CORRECTIONS,** ) | |
| **et al.,** ) | |
|     **Defendants.** ) | |

## FINAL PRETRIAL ORDER

**AND NOW**, this 12th day of June 2020, the Court **HEREBY ORDERS** as follows:

### A. Final Pretrial Orders:

1. **Jury Selection & Trial.** Jury selection and trial are set for November 16, 2020 at 1:30 p.m., in Courtroom A, United States Courthouse, 17 South Park Row, Erie, Pennsylvania.

2. **Pretrial Conference.** A final pretrial conference shall be held on November 16, 2020 at 9:30 a.m. in Chambers A.

3. **Pretrial Conference.** A pretrial conference shall be held on November 13, 2020 at 10:00 a.m. in Chambers A.

4. **Exchange of Witness Lists and Exhibits**.

   a. Plaintiff shall file and serve his list of trial witnesses, listing separately the witnesses he will call and the witnesses he may call if needed (other than purely for impeachment). For each witness listed Plaintiff shall provide an offer of proof explaining the substance of the witness' testimony. This document may be typed or may be handwritten. If typed, the offers of proof

    shall be no more than one (1) double-spaced page with twelve (12) point font. Plaintiff's witness list and offers of proof shall be due by **September 8, 2020**. In the event any proposed witness is an inmate, Plaintiff should include the inmate's identification number, as well as the last known location of that inmate.

b. Defendants shall file and serve its list of trial witnesses, listing separately the witnesses it will call and the witnesses it may call if needed (other than purely for impeachment). For each witness listed, Defendants shall provide an offer of proof explaining the substance of the witness' testimony. The offers of proof shall be no more than one (1) double-spaced page with twelve (12) point font. Defendants' witness list and offers of proof shall be due by **October 16, 2020**.

c. All exhibits must be exchanged and marked in advance of trial. Copies are to be provided for the Court in binders properly labeled ("Plaintiff's Exhibits" and "Defendants' Exhibits") **at least two (2) days in advance of trial**, with costs borne by Defendants unless otherwise ordered by the Court. In addition, counsel[1] shall be prepared to compile and agree to a single exhibit binder ("Joint Exhibit Binder") containing the most significant exhibits that will be submitted to the jury at the close of trial. Counsel shall plan to submit ten (10) copies of the Joint Exhibit Binder (eight (8) for the jury and two (2) for the Court). Additionally, a chart shall be provided to the Court, in hard copy and

---

[1] Because Plaintiff is proceeding pro se in this action, "counsel" shall include counsel for Defendants and Plaintiff himself.

       email form, identifying each exhibit by numbers and name, providing a brief description of the nature of the objection (if any), and a space for the Court's ruling on the objections(s). Objections will be resolved at or before the pretrial conference.

    d. Voluminous data shall be presented by summary exhibits pursuant to Fed.R.Evid. 1006, and voluminous exhibits shall be redacted to eliminate irrelevant material (which shall remain available for examination by opposing counsel). Where copies of documents are offered, the originals shall be available for examination, unless waived by stipulation.

5. **Designation of Discovery Excerpts to be Offered at Trial.** The parties shall submit designation of excerpts from depositions, interrogatory answers, and responses to requests for admission to be offered at trial (other than for impeachment) by **November 2, 2020**. Any counter designations are due by **November 9, 2020**.

6. **Motions**. The parties shall file all motions in limine, including motions under Fed.R.Evid. 104(a) and motions to limit or sever issues, together with supporting briefs or memoranda of law, by **November 2, 2020**. Responses shall be filed by **November 4, 2020**. All briefs supporting or opposing such motions are limited to five (5) pages.

7. **Proposed Jury Instructions & Verdict Slip**s. On or before **November 10, 2020**, counsel for Defendants shall file proposed substantive jury instructions and verdict slip, and provide the same in Word format to the Court via email at baxter_external@pawd.uscourts.gov. A charging conference will be held, at which time a ruling will be made on each point for charge and a copy of the Court's

   proposed charge will be supplied to counsel. Counsel are required to state objections to the proposed charges at the charging conference and to supply the alternate language, together with case authority.

8. **Proposed Voir Dire**. Counsel are permitted to supplement the standard questions provided that the proposed supplemental voir dire questions are submitted to the Court in writing by **November 4, 2020**.

9. **Joint Stipulations**. The parties are encouraged to make joint stipulations, which are to be filed **at least two days before trial**. Possible stipulations may include:

   a. Facts (both liability and damages);
   b. Issues to be decided;
   c. The authenticity and admissibility of exhibits;
   d. Expert qualifications and reports;
   e. Deposition testimony to be read into the record and
   f. A brief statement of the claims and defenses to be read to the jury to introduce the trial.

### B. Trial Procedure

1. **Trial Hours/Days.** Generally, cases are typically tried Monday through Friday from 9:30 a.m. to 4:30 p.m., with breaks as appropriate. Judge Baxter will meet with counsel before and after these appointed times to discuss trial/evidentiary issues. These times may be changed in order to give special consideration to jurors traveling from a great distance.

2. **Opening Statement and Closing Argument.** The Court suggests that no more than thirty (30) minutes is generally appropriate for each side to present opening and closing statements, depending on the complexity of the case. Counsel may use exhibits or charts

in opening statement provided that the same have been provided to opposing counsel beforehand and either agreement was reached or the Court has ruled upon the matter. In the event, counsel expects to take more than thirty minutes, counsel should request permission from the Court**.**

3. **Side Bar Conferences.** The Court believes that counsel should be considerate of the jurors' time. Consequently, side bar conferences are highly disfavored because they waste the jury's time and unduly extend the length of the trial. Side bar conferences will be undertaken only in the case of an emergent issue for which counsel was unprepared. Counsel will meet with the Court at 9:00 a.m. each day (or earlier if necessary to ensure that trial commences on time) to raise points of evidence or other issues that would otherwise necessitate a side bar conference. The Court will also be available at the end of the court day to resolve such matters. Failure to raise issues at that time will generally result in a disposition of the in-court objection in the presence of the jury. If necessary, counsel and the Court may articulate their objections and rulings on the record after the jury has been excused for a break, for lunch or for the day.

   In addition, it is expected that counsel will anticipate evidentiary issues requiring lengthy argument and will take up such matters out of the presence of the jury. The Court will not delay the proceedings to respond to last minute requests for conferences to discuss matters which, in the exercise of reasonable diligence, could have been heard at the morning conference.

4. **Written Jury Instructions.** The jury will be provided with a copy of the jury instructions for its use during deliberations.

5. **Exhibits in Jury Room.** Exhibits will generally be provided to the jury for their deliberations, so long as counsel agree upon the exhibits that are to be provided and the exhibits are not contraband.

6. **Jury Questions.** If a question is submitted to the Court, the Judge will discuss the question with counsel prior to giving an answer to the jury.

7. **Availability of Counsel during Jury Deliberations**. All counsel must be available in person or by telephone during jury deliberations.

/s/ *Susan Paradise Baxter*
SUSAN PARADISE BAXTER
United States District Judge